## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JOHN EVANS and JUDITH EVANS, | : | CIVIL ACTION NO. **3:CV-04-2540** |
| Plaintiffs | : | Magistrate Judge Blewitt |
| v. | : | |
| WAL-MART STORES, INC., | : | |
| Defendant | : | |

### MEMORANDUM AND ORDER

**I. Background**.

On November 23, 2004, Plaintiffs David and Judith Evans filed a Complaint, claiming that on July 28, 2003, Plaintiff David Evans slipped and fell as a result of grapes that were left on the floor of Defendant Walmart's store located in Hazleton, Pennsylvania. (Doc. 1). Plaintiffs seeks damages for alleged injuries to Mr. Evans caused by the fall, and Mrs. Evans asserted a claim for loss of consortium.[1]  Discovery is completed.  Trial is set for October 9, 2007.  (Doc. 31).  The parties consented to proceed before the undersigned pursuant to 20 U.S.C. § 636(c).  (Doc. 7).  This Court

---

[1] As we previously noted, Defendant pointed out in its Brief in opposition to Plaintiffs' Motion *in limine*, Doc. 38, p. 2, n.1, at the time of Mrs. Evans' deposition in this case on September 15, 2005, Plaintiffs' counsel withdrew Mrs. Evans' claim for loss of affection and loss of romantic relationship, with respect to her loss of consortium claim. *See* Doc. 38, Ex. B, p. 4. *See also* Doc. 40, p. 1, ¶ 2.  Further, with respect to Mr. Evans' claims for emotional damages and damages for loss of life's pleasures, Plaintiffs have stated that they will only present evidence in support of their stated claims that is clearly related to the personal injuries Mr. Evans alleges he suffered in his fall at Walmart. (Doc. 41, p. 2). Thus, Plaintiffs represented that they will limit their testimony with respect to their damages claims that is only related to the injuries Mr. Evans allegedly sustained after his fall.
   We have granted Plaintiffs' Motion *in limine* (Doc. 33) by separate Order. (Doc. 42).

has jurisdiction over this case pursuant to 28 U.S.C. §1332(a).

On July 26, 2007, Plaintiffs filed a Motion *in limine* to preclude evidence regarding Plaintiff David Evans' prior April 2007 convictions of Statutory Sexual Assault, Indecent Assault and Corruption of Minors. (Doc. 33, pp. 1-2, ¶ 4.). As noted, by Order of August 27, 2007, we granted Plaintiffs' Motion *in limine*. (Doc. 42).

Plaintiffs, David Evans and Judith Evans, his wife, have brought this slip and fall tort action against Defendant Walmart Stores, Inc. (Defendant "Walmart") alleging negligence on the part of Walmart and its employees in maintaining the floor of the Hazleton, Pennsylvania store which had grapes on it. On July 28, 2003, Plaintiff David Evans, a business invitee, alleges that he slipped and fell on grapes located on Walmart's floor. Plaintiffs aver that Defendant was negligent, in part, for failing to maintain the aisles of its store to make it safe for customers, failing to properly monitor and inspect its store, and failing to properly clean its store. (Doc. 1, p. 3, ¶ 14.). Plaintiff David Evans claims to have suffered many injuries as a result of the fall, some of which he claims are permanent, and now seeks to recover medical expenses, as well as damages for permanent injury, and past, present and future pain and suffering. (Doc. 1, pp. 1-3 and Count I). Plaintiff David Evans' claim for loss of life's pleasures, as noted above, has been limited with respect to his damages claim that is only related to the injuries he allegedly sustained after his fall. Plaintiff Judith Evans seeks damages for loss of consortium, which as noted above, has been limited by Plaintiffs. (Count II, Doc. 1).

On November 23, 2004, Plaintiffs filed a Complaint in this Court basing jurisdiction under 28 U.S.C. §1332(a), diversity, since Plaintiffs are Pennsylvania residents and Defendant Walmart is a Delaware corporation. (Doc. 1, pp. 1-2). Thereafter, Defendant Walmart filed an Answer with

affirmative defenses. (Doc. 4).  Discovery then ensued.  Upon completion of discovery, Defendant Walmart filed a Motion for Summary Judgment **(Doc. 35)**.  Defendant's Motion has been briefed by the parties, along with submission of exhibits, and is now ripe for disposition.  (Docs. 33, 36, and 40).  As stated, the parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c).  (Doc. 7).

**II. Standards.**

*A. Motion for Summary Judgment*

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact.  Fed.R.Civ.P. 56(c).  An issue of fact is "`genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983).  Upon such a showing, the burden shifts to the nonmoving party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial."  Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862

F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.*, *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

Moreover, the Third Circuit has recently indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir. 2007)(Non-Precedential)(citation omitted).

*B. Duty of Care*

"A landowner owes a duty to protect an invitee from the condition of its premises only if he or she (1) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and (2) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (3) fails to exercise reasonable care to protect them against the danger." *Colihan*, WL 141867, 3 (citing *Smith v. Allen & O'Hara Developments, Inc.*, WL 529998, 2 (E.D.Pa. 1996)) (citing Restatement (Second) of Torts, § 343)). "A business invitee is a person invited to enter the land for a purpose directly or indirectly connected with the business dealings with the possessor of the land. *Colihan*, WL 141867, 2 (citing *Ott v. Unclaimed Freight Co., et al.*, 577 A.2d 894, 896 (Pa. Super. 1990)) (citing Restatement (Second) of Torts § 332)).

**III. Undisputed Material Facts.**

Defendant has incorporated its Statement of Material Facts ("SMF") into its Summary Judgment Motion. (Doc. 35). Plaintiffs have responded to Defendant's SMF's. (Doc. 40, pp. 1-3). Both parties have relied upon evidence in the record to support their SMF's and responses thereto.

Since ¶'s 1.-3., 5., 6., 8., 9., to the extent that Defendant employees testified that safety sweeps were performed several times throughout each day at the store, and 10. of Defendant's SMF's are admitted by Plaintiffs *via* their response to them pursuant to Local Rule 56.1, M.D. Pa., we shall incorporate them in their entirety herein by reference, and we shall not restate them. (Docs. 35, pp. 1-3 and Doc. 40, pp. 1-3). We also note that Defendant has supported the stated SMF's with citation to evidence as required. (*Id*.).

We find that ¶'s 11.-12. of Defendant's SMF (Doc. 35, p. 3), are both legal conclusions and as such are not proper SMF's. Further, both of these SMF's go to the ultimate issues that the trier of fact must determine.

Plaintiffs dispute ¶4. of Defendant's SMF. In ¶4., Defendant states that "Mrs. Evans did not see the grapes on the floor prior to her husband's fall." Defendant cites to its Ex. B, Doc. 35, which is Mrs. Evans' September 15, 2005 deposition testimony. We agree with Plaintiffs that Mrs. Evans' deposition testimony speaks for itself. Thus, we shall quote Mrs. Evans' testimony with respect to whether she saw the grapes on the floor, as follows:

> Q. And did you see these grapes that were on the floor?
>
> A. By the time I saw them he was already slipping and falling and going down on them. I turned around to say, you know, after looking at the moldy cantaloupe and that's when I noticed the grapes and by the time I went to call out watch your foot he was already slipping and falling. He was going – he was in the process

of going down.

Q.     How were these grapes - -

A.     They were scattered.

    MR. CAVANAUGH:  Let him finish.

BY Mr. ANDREWS:

Q.     How were they stationed, I mean were they in boxes or bins or bags, if you remember?

A.     There's a display, they're still there now, and there's a display and it works its way, you know, up, it's leveled out and there's bags of grapes and, you know, it was - - you mean the display, right?

Q.     Right.

A.     Yeah, okay.

Q.     And how did they appear to you, if you remember?

A.     I don't understand.

Q.     Were the grapes scattered all over the floor, were they - -

A.     I mean not all of them.  There was quite a few, once he fell there was quite a few, his back was also covered with grapes.  So there was a few, quite a few grapes on the floor.

Q.     The reason I probe you on these questions, I'm not trying to trick you - -

A.     Right.

Q.      - - I wasn't there.

A.     Right.

Q.     And I need to understand it.

> When you say there were quite a few, and again I know you probably weren't counting all the grapes that were on the floor - -
>
> A. No.
>
> Q. - - how many were there; more than a hundred?
>
> A. No.
>
> Q. Less than 50? Five, ten?
>
> A. I would say at the most ten.
>
> Q. Do you remember what color the grapes were?
>
> A. I believe they were red grapes.

(Doc. 35, Ex. B, NT 17-19 and Dc. 40, Ex. A).

Plaintiffs dispute ¶ 7. of Defendant's SMF. In ¶7., Defendant states that Mr. Evans "testified that as he walked through the store to the produce section, the store was 'very kept up'." Defendant cites to its Ex. C, Doc. 35, which is Mr. Evans' December 9, 2005 deposition testimony. We agree with Plaintiffs that Mr. Evans' deposition testimony speaks for itself. Thus, we shall quote Mr. Evans' testimony with respect to whether the store was very kept up, as follows:

> Q. When you entered the produce section on your way to get the chicken and the barbecue sauce, do you recall if the area appeared to be in disarray, in other words, dirty, unkept, or did it appear clean to you; did it appear messy; how did it appear as you were walking to get the chicken and barbecue sauce?
>
> A. I guess it was very kept up.

(Doc. 35, Ex. C, NT 59-60).

It is alleged that as a result of his fall, Mr. Evans "suffered severe, painful, debilitating and permanent injuries, including multilevel herniated disks with resultant cervical radiculopathy, sprain and strain of the cervical and thoracic spine, bilateral trapezius myofascitis, and closed head trauma with resultant grand mal seizure, injuries to his bones, muscles, ligaments, tendons, blood vessels, skin, soft tissue injuries, psychological and emotional injuries, some or all of which may be permanent in nature." (Doc. 1, p. 2, ¶ 8.). It is also alleged that Mr. Evans had to have emergency spinal surgery and physical therapy, and that he incurred medical bills as a result of his fall. (*Id.*, ¶ 9.). Defendant has denied both of these allegations. (Doc. 4, p. 2, ¶'s 8.-9.). We find no claim that Mr. Evans missed work, and he does not claim economic damages against Defendant. Mr. Evans testified at his deposition that at the time of his fall, he was receiving Social Security Disability Benefits as a result of a stroke. (Doc. 35, Ex. C, NT 50 ).

After his fall, Mr. Evans stated that he was taken in ambulance and then put in a helicopter. (*Id.*, NT 62). Mr. Evans stated that as a result of the fall, he "snapped [his] neck and there was a crack back in my neck that I needed surgery done and have some discs [cervical discs] put in there." (*Id.*, NT 63). Mr. Evans received surgery and cervical discs from a cadaver as well as an infusion consisting of steel plates, pins and mesh to build a cage around his neck and spinal area. (*Id.*, NT 65-66). With respect to his fall, Mr. Evans testified as follows:

> Q. Did she [Mrs. Evans] say that she saw you slip and fall, saw grapes on the floor; what did she tell you that she remembered about your fall?
>
> A. She said when I called her for the cantaloupes, to tell her about the cantaloupes, if your looking at the picture, not the first one on the left, the second one that has the writing on it  - -

8

> Q.    4023; correct?
>
> A.    That's correct. The display of the cantaloupes were off to the right, and we were coming in this direction going towards the register.
>
> Q.    Past the little - -
>
> A.    Whatever that is, right.
>
> Q.    The bins of grapes; correct?
>
> A.    Well, I was right approximately in front of them, and I was looking to the right of this bin. I had told her [Mrs. Evans] that the melons were moldy. That is the last thing that I remember. She said that when she turned over to look at me I was stepping on some grapes and falling. I don't even remember that.

(*Id.*, NT 64).

Mr. Evans does not recall slipping on the grapes and falling. However, as stated above, at the time Mr. Evans was in the process of slipping and falling, Mrs. Evans stated that she saw the grapes, approximately ten (10), on the Walmart's floor. She said the grapes were scattered. Thus, Plaintiff Mr. Evans did not see the grapes on the floor of the Walmart store. Mrs. Evans saw them as Mr. Evans was slipping and falling on the floor. After his fall, Mr. Evans stated that he was taken by ambulance and then by helicopter to a hospital, and that he had to have surgery performed.

In addition to Mr. Evans' physical injuries, the Complaint alleges that the accident affected his personal life, including hobbies and pursuits. It is alleged that Mrs. Evans has been deprived of the assistance and society of her husband, resulting in emotional loss. (Doc. 1, pp. 3-4).[2]

---

[2] As noted above, both Mr. Evans' claim for loss of life's pleasures and Mrs. Evans' loss of consortium claim have been limited as a result of Mr. Evans' sexual assault convictions and

**IV. Discussion.**

Plaintiffs have filed this negligence cause of action under 28 U.S.C. § 1332. Diversity jurisdiction is proper. Plaintiffs' claims arise from a personal injury to Mr. Evans when, on July 28, 3003, he slipped on grapes undisputedly scattered on Walmart's floor while he was a business invitee at the store, which was allegedly caused by the negligence of Walmart and its employees in maintaining its store floor. Since this is a diversity action, we apply the substantive law of the state in which we sit, *i.e.* Pennsylvania law. *See Washington Energy Co. v. Century Sur. Co.*, 2005 WL 3593744 (W.D. Pa.).

In its Summary Judgment Motion and Brief, Defendant argues that it is entitled to judgment as a matter of law because Plaintiffs have failed to establish that Walmart had notice of the grapes on the floor of its store. Defendant argues that under Pennsylvania law, a possessor of land is not an insurer of its patrons, and Plaintiffs must show that it had notice of a dangerous condition, that the condition posed an unreasonable risk, and that it breached its duty by failing to protect against the danger. (Doc. 36, p. 5). We find disputes of material fact with respect to all of the elements of Plaintiffs' negligence claim and that these disputes preclude the granting of Defendant's Summary Judgment Motion in this case.

"A landowner owes a duty to protect an invitee from the condition of its premises only if he or she (1) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and (2) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (3) fails to

---

incarceration.

exercise reasonable care to protect them against the danger." *Colihan*, WL 141867, 3 (citing *Smith v. Allen & O'Hara Developments, Inc.*, WL 529998, 2 (E.D.Pa. 1996)) (citing Restatement (Second) of Torts, § 343)).  "A business invitee is a person invited to enter the land for a purpose directly or indirectly connected with the business dealings with the possessor of the land.  *Colihan*, WL 141867, 2 (citing *Ott v. Unclaimed Freight Co., et al.*, 577 A.2d 894, 896 (Pa. Super. 1990)) (citing Restatement (Second) of Torts § 332)).

The Restatement (Second) of Torts, § 343, provides that a party is liable for physical harm to an invitee if the party:

> (a)   knows or by the exercise of reasonable care should discovery the condition and should realize that it involves an unreasonable harm to such invitees;
>
> (b)   should expect that an invitee will not discover or realize the danger or fail to protect themselves against it;
>
> (c)   failed to exercise reasonable care to protect an invitee against this danger.

The possessor of land owes a duty to disclose dangerous conditions which they are not only aware of, but also to exercise reasonable affirmative care to discover conditions and either rectify the condition or warn the invitee of the danger. *Kania v. Sbarro, Inc.*, 1998 U.S. Dist. LEXIS 18535 (E.D. Pa.).  Under the law, Defendant Walmart in this case had a duty of inspection. *Crotty v. Reading Industries, Inc.*, 435 A.2d 259 (1975).

On July 28, 2003, Mr. Evans, a frequent customer of Walmart, visited the Hazleton Walmart store in order to go shopping with his wife for a barbecue.  (Doc. 35, Ex. C, NT 51-53 ).  He was pushing a shopping cart and was with his wife, and as they were walking to the produce section to

11

get chicken and barbecue sauce, Mr. Evans slipped and fell on grapes located on the store's floor. As a result, he snapped his neck and cracked his neck, and he required surgery to put in cervical discs and he had an infusion. (*Id.*, NT 60-66). Thus, Mr. Evans was clearly a business invitee of Defendant and should have been afforded all of the protection which the laws of the Commonwealth of Pennsylvania afford to invitees. Accordingly, Walmart owed Mr. Evans a duty to protect him from conditions in its store which it knew or, with the exercise of reasonable care, would have known about. Defendant argues that Plaintiffs have not shown how long the grapes were on its floor and that they have not shown that it was on constructive notice of them. Defendant states that Plaintiffs' failure to produce evidence as to the length of time the grapes were on its floor prior to Mr. Evans' fall, is fatal to his claim. (Doc. 36, pp. 6-7). Defendant states that Plaintiffs' failure to show how long the grapes were on its floor suggests its lack of constructive notice. Defendant states that Plaintiffs have not produced evidence as to whether the grapes were put on the floor by a customer or a Walmart employee. (*Id.*, pp. 7-8). Defendant states that Plaintiffs have not established that any Walmart employee was aware of the grapes on the floor. As stated above, it is undisputed that Walmart employees had a practice of safety sweeps in the store and that these sweeps were conducted several times each day. Defendant point to Mr. Evans' testimony that the store was "very kept up." Thus, Defendant states that since Plaintiffs have not presented any evidence to show that it had notice of the grapes on the floor, they cannot succeed on their negligence claim against it. (*Id.*, p. 8).

      We find it to be a disputed fact as to how long the grapes were on the floor in Defendant's store prior to Mr. Evans slip on them and whether, regardless of who was responsible for the grapes

on the floor, Defendant's employees should have been aware of them, *i.e.* whether Defendant was on constructive notice of the grapes since it is undisputed that there were approximately ten of them and they were scattered on the floor.

We agree with Plaintiffs that they are not required to prove the exact manner in which the grapes were placed on the floor. (Doc. 40, p. 7). A jury may conclude in this case that the scattered grapes on Defendant's floor, about ten (10) in number, were traceable to the Defendant's employees' conduct. Significantly, as Plaintiffs state, they have produced evidence that Defendant was aware that grapes could accumulate on the floor in front of the display, and yet failed to use protective mats to shield its customers from slipping on them. (*Id*., p. 8 and Exs. B, C and D). This evidence could clearly be considered by a jury to have placed Defendant on constructive notice that grapes had previously fallen to the floor in the produce section near their display. The Plaintiffs also offered evidence that despite Defendant's knowledge that grapes fell on the floor in the produce section and that the produce display drips water, it did not install rubber mats to protect its customers from slipping on them. Further, simply because Defendant conducted safety sweeps of its store every hour, does not preclude a finding by the jury that it was on notice of the grapes on the day in question, especially since a reasonable jury could conclude that, during the summer season, the traffic of customers near the produce section would be increased and store sweeps of intervals less than one per hour could have been required during these times of the year.

In short, we find sufficient evidence presented by Plaintiffs to present their case to a jury, and we find that the jury should decide if Defendant created a dangerous condition on its floor on July 28, 2003, that caused Mr. Evans' fall. We also agree with Plaintiffs that there is sufficient

evidence that Defendant was on constructive notice of the grapes undisputedly scattered on its floor. As stated, Mrs. Evans testified, which was uncontroverted, that there were about ten (10) grapes on the floor and they were scattered. Defendant's employees were on notice of prior incidents that grapes fell to the floor in the produce section near their display, as well as the accumulation of water in this area. Defendant, despite being aware of this condition, did not place rubber mats on this area of the floor. In fact, Defendant placed mats on the floor in front of the wet lettuce produce area. (Doc. 40, Ex. D). As to whether the grapes were on the floor long enough for Defendant's employees to have noticed them, we will leave this issue for the jury to decide.

As the Court stated in *Kellyhouse v. Stanley Works, Inc.*, 1996 WL 385634 * 1 (E.D. Pa.), a Pennsylvania property owner cannot be held liable for general slippery conditions. However, in Pennsylvania, a property owner can be held liable if a fall is caused by the property owner's creation of a dangerous condition. As Plaintiffs state, there is sufficient evidence to show that Defendant may have created a dangerous condition in our case by placing the produce stand with the grapes in an area next to a linoleum floor without using any rubber mats for traction. Defendant knew that grapes had fallen in this area in the past and had used rubber mats in other areas of the produce section. We agree with Plaintiffs that they have presented sufficient evidence to overcome Defendant's Summary Judgment Motion. We find that the jury must determine if Mr. Evans' fall was caused by a dangerous condition created by Defendant which Defendant knew of or should have known of. We find that this issue is a disputed material fact to be decided by the jury.


Accordingly, we shall deny Defendant's Motion for Summary Judgment, Doc. 35.

An appropriate Order follows.

                                       **s/ Thomas M. Blewitt**
                                       **THOMAS M. BLEWITT**
                                       **United States Magistrate Judge**

**Dated: September 10, 2007**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID JOHN EVANS and JUDITH EVANS, | : | CIVIL ACTION NO. **3:CV-04-2540** |
| Plaintiffs | : | Magistrate Judge Blewitt |
| v. | : | |
| WAL-MART STORES, INC., | : | |
| Defendant | : | |

**ORDER**

**AND NOW, this 10th day of September, 2007,** based on the foregoing Memorandum, **IT IS HEREBY ORDERED THAT** Defendant's Motion for Summary Judgment **(Doc. 35)** is **DENIED.**


                          **s/ Thomas M. Blewitt**
                          **THOMAS M. BLEWITT**
                          **United States Magistrate Judge**

**Dated: September 10, 2007**